UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-cr-00260-1 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 193, 195] |
| v. | : | |
| CEDIS R. MARTIN, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Cedis R. Martin requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).[1] Defendant argues two reasons for reducing his sentence: (1) a car accident injured his children's mother; (2) he faces a heightened risk of severe COVID-19 illness because of his mental health conditions, gender, and race. The Government opposes Martin's request.[2]

For the following reasons, the Court **DENIES** Defendant Martin's motion for compassionate release. Because Martin filed this motion without cognizable evidence, the Court denies his motion without prejudice to Martin's ability to file another motion accompanied by evidence that might support his argument.

In the current motion, Defendant Martin says that his children's mother suffered a serious car accident. Defendant Martin may file another motion with relevant evidence showing that (1) his children's caregiver is incapacitated and (2) his children need him to serve as a caregiver.

---

[1] Docs. 193; 195.
[2] Docs. 197, 199 (sealed).

Case No. 5:18-cr-00647
GWIN, J.

I. Background

Defendant Martin pled guilty to two charges: (1) conspiracy to possess with intent to distribute and to distribute heroin, cocaine, cocaine base, and fentanyl; (2) interstate travel in aid of drug trafficking.[3] On November 19, 2018, this Court sentenced Martin to 166 months of imprisonment and eight years of supervised release.[4] The Court ordered his federal sentence to run concurrently with his state sentence for related conduct.[5] The Sixth Circuit affirmed Martin's sentence.[6]

II. Discussion

Martin moves for a reduced sentence. He says the Court should grant relief because his children's caregiver suffered a serious accident.[7] He also argues for a reduced sentence because of the COVID-19 risks he faces.[8] The Government opposes.[9]

A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[10] Here, the warden denied Martin's release request on August 9, 2021.[11] Martin satisfies the exhaustion requirement.

B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without

---

[3] Doc. 108 at 1.
[4] *Id.* at 2.
[5] *Id.*
[6] Doc. 197 at 1.
[7] Doc. 195 at 3, 9.
[8] Doc. 193 at 12-17.
[9] Docs. 197, 199 (sealed).
[10] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[11] Doc. 195 at 8.

Case No. 5:18-cr-00647
GWIN, J.

conditions that does not exceed the unserved portion of the original term of imprisonment[]."[12]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[13] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[14] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[15]

### a. Extraordinary and Compelling Reasons

#### i. Caregiver Incapacitation

Defendant Martin argues that his children's mother recently had a serious car accident.[16] Martin says that his school-aged children need financial support because of their mother's injuries.

Under the Sentencing Commission's policy statement, the "death or incapacitation of the caregiver of the defendant's minor child or minor children" can be a reason justifying sentence reduction.[17]

While the sentencing guideline does not define "incapacitation," a Bureau of Prisons Program Statement explains that "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that

---

[12] 18 U.S.C. § 3582(c)(1)(A).
[13] *Id.*; *Jones*, 980 F.3d at 1108 (holding that federal judges have full discretion to define extraordinary and compelling).
[14] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[15] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[16] Doc. 195 at 9.
[17] U.S.S.G. § 1B1.13 (Policy Statement).

- 3 -

Case No. 5:18-cr-00647
GWIN, J.

renders the caregiver incapable of caring for the child."[18]

To qualify for this guideline, Defendant Martin must offer evidence that his children's mother is incapacitated following the accident.[19]

In addition, courts applying this guideline generally require defendants to show that they are the "only available caregiver" for minor children.[20]

Defendant Martin did not offer evidence supporting his claim that his children's mother is incapacitated. Without any evidence of incapacitation, Martin fails his request before the Court considers the § 3553(a) factors.

Defendant Martin can file a new motion with evidence to try to show that (1) his children's caregiver is incapacitated, and (2) Defendant Martin's children need him as a caregiver. Defendant Martin should offer evidence such as medical records for his children's mother and affidavits showing that his children do not have another available caregiver.

### ii. COVID-19 Risks

Defendant Martin argues that his health issues and the risks posed by the COVID-19 pandemic constitute an extraordinary and compelling reason to reduce his sentence.[21] Martin says that he is at higher risk for severe COVID-19 because of an unspecified mood disorder.[22] Defendant Martin also argues that, as a Black man, he faces heightened risks because COVID-19 hospitalization rates are higher for men and Black people compared to other groups.[23]

---

[18] Federal Bureau of Prisons, U.S. Dep't of Justice, *Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).
[19] *United States v. Johnson*, 3:16-CR-00242, 2022 WL 482539, at *5 (M.D. Tenn. Feb. 15, 2022).
[20] *United States v. Lemon*, 4:16-CR-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021); *United States v. Vela-Salinas*, 3:11-CR-00083-19, 2022 WL 391490, at *4 (M.D. Tenn. Feb. 8, 2022); *United States v. Curry*, 6:19-CR-34-REW, 2022 WL 1124925, at *3 (E.D. Ky. Apr. 14, 2022).
[21] Doc. 193 at 11-12.
[22] *Id.*
[23] *Id.* at 13.

- 4 -

Case No. 5:18-cr-00647
GWIN, J.

Defendant Martin's COVID-19 risks do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Martin has received two doses of the Moderna COVID-19 vaccine.[24] The Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[25]

### b. 18 U.S.C. § 3553(a) Factors

Once a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the circumstances of the case justify a sentence reduction.[26]

Here, the Court does not reach the § 3553 factors because Defendant Martin has not identified an extraordinary and compelling reason justifying a sentence reduction.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Martin's motion for compassionate release without prejudice to his ability to file another motion. Defendant Martin may file a new motion with evidence showing that his children's caretaker is incapacitated.

---

[24] Doc. 199-1 (Sealed) at 1.

[25] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (noting that absent a shift in the scientific consensus regarding the efficacy of vaccines, "vaccination against COVID-19 would preclude the argument that a defendant's susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").

[26] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".

Case No. 5:18-cr-00647
GWIN, J.

      IT IS SO ORDERED.

Dated: July 26, 2022                      *s/     James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE