UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:18-cr-00260 |
| Plaintiff, | ORDER |
|  | [Resolving Doc. 208] |
| v. |  |
| CEDIS R. MARTIN, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 2018, Cedis Martin pleaded guilty to conspiring to distribute heroin, cocaine, cocaine base, and fentanyl. Martin also pleaded guilty to traveling across state lines in aid of drug trafficking. The Court sentenced Martin to 166 months' incarceration.

Now, Martin asks the Court for compassionate release. According to Martin, an Attorney General memo discussing charging-policy, Martin's mental health and the COVID-19 pandemic, and Martin's purportedly disparate sentence give extraordinary-and-compelling reasons for early release.

The Court disagrees. Even if the Attorney General's memo afforded retroactive relief (it does not), Martin would not qualify for reduced charges under the memo's terms. Further, neither the pandemic nor Martin's adequately managed anxiety gives an extraordinary and compelling reason for release. Finally, even if the Court had reason to rethink Martin's sentence's parity, Martin has not shown that the Court imposed a disparate sentence by any measure.

So, for the reasons more fully explained below, the Court **DENIES** Martin's compassionate-release motion.

Case No. 4:18-cr-00260
GWIN, J.

## Discussion

This is Martin's second compassionate-release motion. In his first compassion-release motion, Martin claimed—without evidence—that his children's mother had become incapacitated after a car accident.[1] The Court dismissed Martin's motion without prejudice but invited Martin to refile with evidence of any caretaker incapacitation.[2] With the current motion, Martin has abandoned any caretaker-incapacitation argument.

To qualify for compassionate release, Martin must show, among other things, that there are extraordinary-and-compelling reasons for early release.[3]

**Attorney General Memo.** First, Martin points to a 2022 Attorney General Merrick Garland memo to all federal prosecutors.[4] The memo directs federal prosecutors to "decline to charge the [drug] quantity necessary to trigger a mandatory minimum sentence" in some cases.[5]

Martin conspired to distribute 442 grams of heroin, 15 grams of cocaine, 14 grams of cocaine base (crack cocaine), and 1.63 grams of fentanyl.[6] Because Martin's offense involved more than 100 grams of heroin, 21 U.S.C. § 841(b)(1)(B) required a 10-year mandatory minimum sentence. According to Martin, the memo shows that if prosecuting Martin today, the government would not have charged him with enough heroin to trigger the 10-year mandatory minimum.

---

[1] Doc. 195 at 9 (PageID 1131)
[2] Doc. 201.
[3] *See* 18 U.S.C. § 3582(c)(1)(A). Inmates must also show that a sentence reduction would be consistent with any applicable Sentencing Commission policy statements and that the 18 U.S.C. § 3553(a) statutory sentencing factors weigh in favor of release. United States v. Navarro, 986 F.3d 668, 670 (6th Cir. 2021). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).
[4] Memo from Merrick Garland, Att'y Gen., U.S., to All Fed. Prosecutors (Dec. 16, 2022) [hereinafter Attorney General Memo].
[5] *Id.* at 1.
[6] Doc. 88 at ¶ 21 (PageID 460) (Presentence Investigation Report).

Case No. 4:18-cr-00260
GWIN, J.

Not so. The memo directed prosecutors to decline to charge a defendant with the full drug quantity only if the defendant meets certain qualifications[7]:

- The defendant's relevant conduct must not have involved violence, threatened violence, or weapons possession. Here, Martin received a two-level upward adjustment for possessing an AK-47 assault rifle.[8]

- The defendant must not have played a managerial role in trafficking significant drug quantities or in a large or violent criminal organization. Martin received a four-level upward adjustment for organizing and leading the six-person drug-trafficking conspiracy.[9] The conspiracy's object included hundreds of grams of heroin, plus smaller quantities of cocaine, cocaine base, and fentanyl.[10]

- Finally, the defendant must not have a violent criminal history. Martin was convicted in 2007 and 2017 of robbing victims while using a firearm.[11]

Moreover, even if Martin met the memo's qualifications, nothing suggests that the Garland memo intended to give any retroactive relief. Intervening non-retroactive sentencing-law changes do not give extraordinary-and-compelling reasons for early release.[12] It follows that intervening charging-policy changes cannot justify early release, either.

**Health Conditions and COVID-19.** Martin next argues that his incarceration during the COVID-19 pandemic and his moderate anxiety justify early release. The Court disagrees.

Although the COVID pandemic made incarceration harder for inmates, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[13]

---

[7] Attorney General Memo at 1–2.
[8] Doc. 88 ¶¶ 18, 20 & 29 (PageID 459–61).
[9] *Id.* ¶ 31 (PageID 461).
[10] *Id.* ¶ 21 (PageID 460).
[11] *Id.* ¶¶ 41 & 43 (PageID 463). Prosecutors agreed to drop the firearms-related charges for Martin's first armed robbery in exchange for Martin's guilty plea. *See id.* ¶ 41.
[12] *See* United States v. McCall, 56 F.4th 1048, 1061 (6th Cir. 2022), *cert. denied,* 22-7210, 2023 WL 3571586 (U.S. May 22, 2023).
[13] United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).

Case No. 4:18-cr-00260
GWIN, J.

Similarly, although Martin gives some evidence that he suffers from moderate anxiety, "medically managed serious health conditions … [fall] short of 'extraordinary and compelling reasons' justifying compassionate release."[14]  Martin gives no evidence that the Bureau of Prisons has failed to adequately treat Martin's moderate anxiety.

**Disparity Arguments.**  Finally, Martin says that the Court imposed a disparately long sentence.  According to Martin, the sentencing guidelines unfairly penalized Martin for trafficking in crack cocaine.  Martin also says that he received a disparately harsher sentence than his codefendants' sentences.  And Martin says that this Court imposed a longer sentence than Martin would have received in Ohio state court.

None of these arguments prevail.  At the outset, the Court considers Martin's sentence's proportionality and parity under 18 U.S.C. § 3553(a) only if Martin first gives extraordinary-and-compelling reasons for release.  Any disparity that existed when the Court sentenced Martin is not extraordinary and compelling.[15]  So, because Martin gives no other qualifying reasons for early release, the Court need not consider Martin's sentence's proportionality or disparities.

Even if the Court reached the disparity question, Martin's arguments lose.  First, the crack/powder disparity did not impact Martin's sentence.  In fact, even if the Court counted only the 446 grams of heroin Martin trafficked and if the Court disregarded the relatively smaller quantities of cocaine, cocaine base, and fentanyl, Martin's offense level would not change.[16]

---

[14] United States v. Cleveland, 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (quoting United States v. Huffaker, 3:16-CR-100, 2020 WL 5995499 (E.D. Tenn. Oct. 9, 2020)) (collecting cases) (alteration in original).

[15] *See* United States v. Hunter, 12 F.4th 555, 571 (6th Cir. 2021) (noting that "facts that existed at sentencing" cannot be extraordinary-and-compelling reasons for early release).

[16] Any total converted drug weight between 400 and 700 kilograms results in a base offense level 26.  Martin's total converted drug weight, including powder and crack cocaine was 499 kilograms.  But most of that weight resulted from 446

- 4 -

Case No. 4:18-cr-00260
GWIN, J.

Next, Martin's sentence properly reflects his leadership role in the drug-trafficking conspiracy and is shorter than one of his codefendants' sentences. Codefendant Zachary Bradford serves a 170-month sentence for his role in the conspiracy. Other codefendants served relatively minor roles in the conspiracy and received proportionately shorter sentences. Moreover, "although district courts may consider disparities among codefendants, the 'only disparities relevant [to the disparity question] ... are those among federal defendants on a national scale.'"[17]

Finally, Martin suggests that his sentence was disparately longer than a state sentence for the same conduct would have been. But federal courts cannot consider any federal/state disparity when making sentencing decisions.[18] Plus, as the government points out, Martin likely would have faced a similar—if not longer—sentence if convicted in state court.[19]

**Other Arguments.** Martin's remaining arguments merit little discussion. Put broadly, Martin raises several complaints about his prosecution and sentencing. But "complaints about errors in ... criminal proceedings are not fair game" in a compassionate-release motion.[20] "Outside of the short direct appeal window, the proper mechanism for challenging a federal criminal sentence is a 28 U.S.C. § 2255 motion."[21]

### Conclusion

For the foregoing reasons, the Court **DENIES** Martin's motion for compassionate release.

---

grams of heroin, which converts to 446 kilograms converted drug weight. So, Martin's heroin possession alone qualifies him for offense level 26. *See* U.S.S.G. §2D1.1(c)(7) & App. Note 8(D).
[17] *See* United States v. Bass, 17 F.4th 629, 636 (6th Cir. 2021).
[18] *See id.* at 636–37.
[19] Doc. 211 at 10 (PageID 1220).
[20] United States v. Makupson, 1:14-CR-214, 2021 WL 2826071, at *1 (N.D. Ohio July 7, 2021).
[21] *Id.*

- 5 -

Case No. 4:18-cr-00260
GWIN, J.

IT IS SO ORDERED.

Dated: June 7, 2023  *s/ James S. Gwin*
              JAMES S. GWIN
              UNITED STATES DISTRICT JUDGE