UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 4:18-cr-00260-1 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 215, 219] |
| v. | : |  |
|  | : |  |
| CEDIS R. MARTIN, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Cedis R. Martin pled guilty to one count of conspiracy to possess with intent to distribute heroin, cocaine, cocaine base, and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, & 21 U.S.C. § 851; and one count of interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952(a)(3).[1]

On November 19, 2018, the Court sentenced Defendant Martin to 166 months for the conspiracy possession count and 60 months on the interstate travel count, to run concurrently.[2]  At Martin's sentencing, the Court found that Martin had a total offense level of 28 and a Criminal History Category of VI, which gave a sentencing guideline range of 140 to 175 months.[3]  Defendant Martin had eleven criminal history points, plus two additional status points for being under a criminal justice sentence at the time the instant offense occurred.[4]

---

[1] Doc. 65, PageID #: 248.
[2] Doc. 107, PageID #: 599.
[3] Doc. 109, PageID #: 608-609.
[4] Doc. 88, PageID #: 464.

Case No. 4:18-cr-00260-1
GWIN, J.

Defendant Martin now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[5] Martin asks the Court to reduce his sentence from 166 months to 154 months.[6]

The government acknowledges that Amendment 821 reduces Martin's guideline range.[7] However, the government opposes Martin's motion, arguing that the 18 U.S.C. § 3553(a) factors weigh against reducing Martin's sentence for community safety reasons.[8]

The Court finds that the § 3553(a) factors do not defeat Defendant Martin's motion. So, for the following reasons, the Court **GRANTS** Defendant Martin's sentence reduction motion and sentences Martin to 154 months.

## I.    LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[9] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[10] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[11]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[12] In reducing a defendant's term of imprisonment under

---

[5] Doc. 214. Defendant Martin's counsel filed a supplementary motion. Doc. 219.
[6] Doc. 219, PageID #: 1276.
[7] Doc. 220, PageID #: 1288.
[8] *Id.*
[9] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[10] 18 U.S.C. § 3582(c)(2).
[11] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[12] *Id.*

Case No. 4:18-cr-00260-1
GWIN, J.

18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[13] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II.   DISCUSSION

### A.  Amendment 821

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821, Part A changes the assignment of "status points" for criminal history calculations.  For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[14]  For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[15]

Amendment 821. Part A removes one of Defendant Martin's status points and reduces his Criminal History Category from VI to V.  Martin's amended sentencing guideline range is now 120 to 162 months.[16]  Thus Defendant Sanders was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; his requested sentence reduction is authorized.

### B.  18 U.S.C. § 3553(a) Factors

Defendant Martin's requested sentence reduction is also warranted by the 18 U.S.C. § 3553(a) factors.

---

[13] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).
[14] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[15] *Id.*
[16] U.S. Sent'g Guidelines Manual § 5A (Table) (U.S. Sent'g Comm'n 2023).

Case No. 4:18-cr-00260-1
GWIN, J.

The government argues that the nature of Martin's offense and his personal history weigh in favor of keeping his sentence the same.[17]  Defendant Martin helped lead a large-scale drug conspiracy involving heroin, fentanyl, and cocaine from 2015 to 2017.[18]  Martin's offense conduct also involved an assault rifle.[19]

Martin also has an extensive criminal history; including drug trafficking and robbery. One count of Aggravated Robbery involved three separate counts of robbery, which the Court found to be "troubling."[20]  And, Martin committed the instant offense while on probation.

However, since his sentencing, Defendant Martin shows concerted efforts at rehabilitation that reduce future community risk.  While incarcerated, Martin has earned his GED and taken several other classes.[21]  He is currently employed as an orderly and has received positive performance reports.[22]  Martin also has only incurred one disciplinary incident while incarcerated, in November 2012 for possession of alcohol.[23]  The BOP reports that Martin has otherwise had 'above average progress" and positive rapport with staff and inmates.[24]

And, Martin has a release plan to help productive contribution to his community.  He plans to live in Georgia with his children and their mother.[25]  Martin plans to use the

---

[17] Doc. 220, PageID #: 1292-93.
[18] Doc. 109, PageID #: 110.
[19] *Id.*
[20] Doc. 145, PageID #: 750-51.
[21] Doc. 219-1, PageID #: 1279.
[22] *Id.*, PageID #: 1280.
[23] Doc. 220-1, PageID #: 1294.
[24] Doc. 219-1, PageID : 1280.
[25] Doc. 219-3, PageID #: 1287.

Case No. 4:18-cr-00260-1
GWIN, J.

educational programs he completed while incarcerated to start a delivery company with help

from his brother-in-law.[26]

Finally, the Court notes that it initially sentenced Defendant Martin to 166 months,

slightly above the median of the guideline range of 140 to 175 months.  Martin requests his

sentenced reduced to 154 months, which is slightly above his amended guideline range of

120 to 162 months.   Considering the severity of Martin's offense and the positive

rehabilitative efforts he has made while incarcerated, the Court finds a 154-month sentence

to appropriately reflect the § 3553(a) factors.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Martin's motion and

**REDUCES** Defendant Martin's sentence to **154 MONTHS**.  Except as otherwise provided in

this order, all other terms of Martin's original sentence remain in effect.

IT IS SO ORDERED.


Dated: March 27, 2024                           _s/_      _James S. Gwin_
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[26] *Id.*